IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Philip A. Brimmer

Civil Case No. 08-cv-02812-PAB-MJW

RICARDO MARTINEZ-OSOGOBIO,

   Plaintiff,

v.

ERIC H. HOLDER, JR., Attorney General, Department of Justice,
JOHN P. LONGSHORE, Denver Field office Director, U.S. Immigration and Customs Enforcement,
JANET NAPOLITANO, Secretary, Department of Homeland Security,
TERRY MAKETA, Sheriff, El Paso County, Colorado,

   Defendants.

## ORDER

This matter comes before the Court on respondent Longshore's Motion to Dismiss [Docket No. 28]. Respondent Longshore moves under Fed. R. Civ. P. 12(b)(6) to dismiss the habeas corpus petition on the grounds that the petitioner was deported to Mexico on June 16, 2009. Longshore claims that, while the deportation by itself does not render the petition moot, the petitioner is unable to establish any exceptions under *Riley v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002), that would establish that there is an ongoing case or controversy within the meaning of Article III of the U.S. Constitution. Because Longshore's motion asserts that the Court lacks subject matter jurisdiction, it is properly characterized as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *See Estate of Harshman v. Jackson Hole Mtn. Resort*, 379 F.3d 1161, 1166-67 (10th Cir. 2004) (discussing distinction between Rules 12(b)(1) and 12(b)(6)).

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody...." 28 U.S.C. § 2241(c)(1). "However, the fact that [petitioner] is no longer in custody does not automatically moot [his] petition because he was in custody at the time of filing." *Riley,* 310 F.3d at 1256. If he is released from custody after the petition was filed, the question is whether the petition continues to present the court with a case or controversy as required under Article III, § 2, of the U. S. Constitution. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings. . . ." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). It is "not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome." *McClendon v. City of Albuquerque,* 100 F.3d 863, 867 (10th Cir.1996).

"[M]ootness is a matter of jurisdiction. . . ." *Id.* A case becomes moot if an event occurs during the pendency of the action that "makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology of Calif. v. United States,* 506 U.S. 9, 12 (1992) (internal quotations omitted). A court, however, "will not dismiss a petition as moot if (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a property certified class action suit." *Riley,* 310 F.3d at 1257 (quotations omitted). *See also Diaz-Holguin v. Keisler*, No. 08-cv-00460-REB-MJW, 2009 WL 482556, 4 (D. Colo., Feb. 25, 2009).

The motion to dismiss in this case attaches an executed Warrant of Removal/Deportation indicating that petitioner was removed from the United States on

June 16, 2009.  A Rule 12(b)(1) motion that asserts a lack of subject matter jurisdiction may go beyond the jurisdictional allegations in the complaint or petition and assert facts supported by affidavits or other exhibits.  *See New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995).  It is then the burden of the plaintiff to demonstrate that the Court does possess subject matter jurisdiction.  *Id.*  Longshore's motion to dismiss indicates that petitioner does not oppose dismissal of this action.  The Court will construe petitioner's non-opposition as agreement that petitioner cannot show that he falls within any of the exceptions outlined in *Riley*.  The other respondents join Longshore's motion to dismiss.  Dismissal on mootness grounds pursuant to Rule 12(b)(1) is therefore appropriate.  It is therefore

    ORDERED that respondent Longshore's Motion to Dismiss [Docket No. 28] is granted.  It is further

    ORDERED that the Amended Petition for Writ of Habeas Corpus [Docket No. 9] is moot and is therefore dismissed as to all respondents pursuant to Fed. R. Civ. P. 12(b)(1).

    DATED July 8, 2009.

BY THE COURT:

s/Philip A. Brimmer  
PHILIP A. BRIMMER  
United States District Judge